UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LESLIE JEFFRIES, Plaintiff,

v. Civil Action No. 3:16-cv-501-DJH-CHL

CAROLYN COLVIN, *acting Commissioner of Social Security*, Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Leslie Jeffries filed this action seeking review of the decision by the Commissioner of Social Security to deny Jeffries' applications for disability insurance benefits and supplemental security income. (Docket No. 1) The case was referred to Magistrate Judge Colin H. Lindsay for report and recommendation. Judge Lindsay issued his Findings of Fact, Conclusions of Law, and Recommendation on September 29, 2017, recommending that the Commissioner's decision be affirmed and that Jeffries' complaint be dismissed with prejudice. (D.N. 18) Jeffries timely filed objections to Judge Lindsay's report and recommendation. (D.N. 19) For the reasons set forth below, Jeffries' objections will be overruled. After careful consideration, the Court will adopt in full Judge Lindsay's Findings of Fact, Conclusions of Law, and Recommendation.

### I. Background

On May 30, 2013, Jeffries filed applications for disability insurance benefits and supplemental security income benefits. (D.N. 12-5, PageID # 237–50) The Commissioner denied the applications on July 3, 2013, and again upon reconsideration on September 16, 2013. (*See* D.N. 12-4) Jeffries thereafter filed a written request for a hearing before an administrative law judge. (*Id.*, PageID # 182) On January 12, 2015, the ALJ issued an opinion denying

1

Jeffries' claims. (D.N. 12-2, PageID # 65–73) The ALJ found, among other things, that Jeffries has the residual functional capacity (RFC) to perform "light work" as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b).[1] (*Id.*, PageID # 68–72) The ALJ also found that considering Jeffries' age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform. (*Id.*, PageID # 72–73) The appeals council denied Jeffries' request for review. (*Id.*, PageID # 54)

Jeffries filed this action on August 4, 2016, challenging the Commissioner's denial of her claims. (D.N. 1) Jeffries moved for summary judgment. (D.N. 14) Specifically, Jeffries argues that the ALJ's decision warrants reversal on two grounds: (1) the ALJ's "[RFC] finding does not include any limitation for . . . Jeffries' well-documented medical[ly] determinable bilateral hand impairment" and (2) "the ALJ did not evaluate treating source primary care physician[] Dr. Virginia Purdom's medical opinion as a treating source opinion and did not cite good reasons for rejecting it." (D.N. 14-1, PageID # 484) The Court referred this matter to Magistrate Judge Colin H. Lindsay, who issued a report and recommendation on September 29, 2017. (D.N. 13; D.N. 18) Judge Lindsay recommends that this Court affirm the Commissioner's decision and that Jeffries' complaint be dismissed with prejudice. (D.N. 18, PageID # 532)

## II. Standard

When reviewing a report and recommendation, this Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court may adopt without review any portion of the report to which an objection is not made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). On review, the Court "may accept, reject, or modify the recommended disposition; receive further

---

[1] "Residual functional capacity" is the most a claimant can do despite her limitations. 20 C.F.R. § 404.1545.

2

evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Accordingly, the Court will review de novo the portions of Judge Lindsay's recommendation to which Jeffries objects to determine if relief is warranted.

As detailed in Judge Lindsay's recommendation, "[t]he Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim." (D.N. 18, PageID # 527 (citing 20 C.F.R. § 404.1520(a)(1))) Only steps four and five are at issue in Jeffries' objections. At step four, the ALJ considers the claimant's RFC with the physical and mental demands of her past relevant work. 20 C.F.R. § 404.1520(f). The claimant has the burden of proof at step four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). At step five, the ALJ considers the claimant's RFC with her age, education, and work experience to determine whether she can make an adjustment to other work. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof at step five. *Walters*, 127 F.3d at 529.

In reviewing an ALJ's decision, the Court asks "whether it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotations omitted). The Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). Where substantial evidence supports the ALJ's decision, the Court "must affirm." *Staymate v. Comm'r of Soc. Sec.*, 681 F. App'x 462, 466 (6th Cir. 2017) (citing *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994)).

Moreover, "[t]he findings of the [ALJ] are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Comm'r of Soc. Sec.*, 246 F.3d 762, 772–73 (6th Cir. 2001); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999) ("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached.").

### III. Discussion

**A. The ALJ's RFC Finding**

Jeffries first takes issue with the ALJ's RFC finding, and specifically the ALJ's failure to include any limitation regarding Jeffries' alleged hand impairment. (D.N. 14-1, PageID # 493–95) In his recommendation, Judge Lindsay rejected this argument, finding that "substantial evidence supports the ALJ's RFC findings." (D.N. 18, PageID # 529) He noted that "all of the experts' medical reports indicated that while [Jeffries] was experiencing discomfort in her hands, not only was there . . . no definitive diagnosis for her ailment, but the specialists' findings did not support the degree of distress that [Jeffries] claimed." (*Id.*) The expert reports included (i) Dr. Knetsche's neurological examination of Jeffries, which found that she had normal motor strength, sensation, and painless range of motion of her upper extremities; (ii) Dr. Nazar's neurological examination, which concluded that Jeffries had full motion of all extremities; and (iii) Dr. Sajid's report, which found that Jeffries did not have rheumatoid arthritis.[2] (*Id.* (citing D.N. 12-2, PageID # 70–71))

---

[2] The ALJ additionally cited tests applied to Jeffries' hands. The testing concluded that while Jeffries had minimal carpal tunnel syndrome and some pain and stiffness, she had normal muscle strength and sensation in both hands. (D.N. 12-2, PageID # 70) The ALJ also cited Dr. Tsai's recommendation that Jeffries could complete light-duty work with no other restrictions. (*Id.*)

4

In her objection, Jeffries alleges that the ALJ and magistrate judge reached their conclusions "by performing a selective reading of the medical evidence, focusing only on what they perceived as normal findings to reject Ms. Jeffries' claims and [Jeffries' treating physician] Dr. Purdom's opinion."[3] (D.N. 19, PageID # 537) This allegation is essentially a claim that the ALJ and magistrate "cherry picked" the record evidence. An ALJ need not "discuss every piece of evidence in the record," however. *Conner v. Comm'r of Soc. Sec.*, 658 F. App'x 248, 254 (6th Cir. 2016) (citing *Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 665 (6th Cir. 2004)). Furthermore, a claim of "cherry picking" is "seldom successful because crediting it would require a court to re-weigh record evidence." *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726 (6th Cir. 2014). As discussed above, the "substantial evidence" standard does not permit this Court to make evidentiary rulings. *Cohen*, 964 F.2d at 528.

As a corollary to her initial objection, Jeffries cites Social Security Rule 16-3p, which states that an ALJ "will not disregard an individual's statements about . . . symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual." 2016 WL 1119029 at *5 (Mar. 16, 2016). Although Jeffries does not make her point explicit, by citing SSR 16-3p, she seems to insinuate that the ALJ erred by discounting her reports of pain based on the objective evidence alone.

Several district courts within this circuit have held that SSR 16-3p does not apply retroactively. *See, e.g.*, *Kitchen v. Colvin*, No. 3:16-cv-20, 2017 WL 395087, at *9 n.4 (M.D. Tenn. Jan. 30, 2017), *report & recommendation adopted*, 2017 WL 1018432 (M.D. Tenn. Mar. 16, 2017); *Jefferson v. Comm'r of Soc. Sec.*, No. 16-cv-10167, 2017 WL 411211, at *4 n.1 (E.D.

---

[3] The opinion at issue is a questionnaire that Dr. Purdom completed at the request of Jeffries' attorney, in which Purdom recommended certain work restrictions for Jeffries. (*See* D.N. 12-2, PageID # 71) That opinion is discussed in more detail below.

5

Mich. Jan. 9, 2017), *report & recommendation adopted*, 2017 WL 395295 (E.D. Mich. Jan. 30, 2017); *Cameron v. Colvin*, No. 1:15-cv-169, 2016 WL 4094884, at *2 (E.D. Tenn. Aug. 2, 2016); *see generally Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) ("The [Social Security] Act does not generally give the [Social Security Administration] the power to promulgate retroactive regulations."). That is an issue here because the ALJ rendered her decision on January 12, 2015 (D.N. 1, PageID # 1), over a year before the rule was adopted. Accordingly, Jeffries may not rely on SSR 16-3p. *See Scott v. Berryhill*, No. 5:16-CV-108-REW, 2017 WL 875480, at *5 n.7 (E.D. Ky. Mar. 3, 2017) (declining to apply SSR 16-3p retroactively and instead analyzing "the ruling and legal guidance in effect at the time of [the plaintiff's] administrative disability determination"); *Cameron*, 2016 WL 4094884 at *2 ("It is well-established that, absent explicit language to the contrary, administrative rules do not apply retroactively . . . . Because the text of SSR 16-3p does not indicate the SSA's intent to apply it retroactively, the Court declines to do so.").

Even if the Rule applies retroactively, Jeffries' objection is unavailing. The stated purpose of SSR 16-3p is merely to "clarify that subjective symptom evaluation is not an examination of an individual's character." 2016 WL 1119029 at *1. The Sixth Circuit has concluded that this is the purpose behind the rule. *See Dooley v. Comm'r of Soc. Sec.*, 656 F. App'x 113, 119 n.1 (6th Cir. 2016). Thus, so long as the ALJ did not judge Jeffries' character in evaluating her reported symptoms against the objective medical evidence, there is no violation of SSR 16-3p. *See Scott*, 2017 WL 875480 at *5 n.7 ("The ALJ evaluated [the plaintiff's] complaints against the objective medical evidence; she did not judge [the plaintiff's] character."); *see also Huigens v. Soc. Sec. Admin., Comm'r*, No. 17-11682, 2017 WL 6311683 (11th Cir. Dec. 11, 2017) ("[T]o the extent the ALJ stated in his decision that [the claimant's]

6

'credibility is questionable,' the ALJ's statement, viewed in context, was not an assessment of [the claimant's] overall character for truthfulness and thus was consistent with . . . SSR 16-3p.").

In her decision, the ALJ concluded: "[a]fter careful consideration of the evidence, the undersigned finds that the claimant is generally credible regarding the nature of her impairment; however, the objective medical evidence does not support the severity of pain she describes." (D.N. 12-2, PageID # 70) The ALJ thus evaluated Jeffries' reported symptoms against the objective evidence and without judgment of Jeffries' character. The ALJ therefore complied with SSR 16-3p.[4]

Moreover, an ALJ's finding regarding a claimant's subjective allegations should not be lightly disregarded. *See Varley v. Sec'y of Health and Human Serv's*, 820 F.2d 777, 780 (6th Cir. 1987). Indeed, "the Sixth Circuit has held that an ALJ's reliance on a lack of objective medical testing to discount the severity or existence of a claimant's [claims of disability] is not erroneous." *Payne v. Comm'r of Soc. Sec.*, No. 16-cv-13165, 2017 WL 4985646, at *5 (E.D. Mich. Aug. 16, 2017) (citing *Long v. Comm'r of Soc. Sec.*, 56 F. App'x 213, 214 (6th Cir. 2003)); *see also* 20 C.F.R. § 404.1529 ("In determining whether you are disabled, we consider . . . the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence."). Thus, even under a broad reading of SSR 16-3p, the ALJ did not err in discounting Jeffries' reported symptoms where the complaints were inconsistent with the objective medical evidence.

---

[4] Ultimately, SSR 16-3p simply instructs the ALJ to "consider an individual's statements about the intensity, persistence, and limiting effects of symptoms, and . . . evaluate whether the statements are consistent with the objective medical evidence and the other evidence." SSR 16-3p, 2016 WL 1119029 at *4. The ALJ did that by evaluating Jeffries' reported symptoms in light of the objective medical evidence and Jeffries' testimony at the hearing. (D.N. 12-2, PageID # 68–72)

7

In sum, despite Dr. Purdom's opinion, the record contains substantial evidence supporting the ALJ's conclusion that Jeffries' hand condition is such that she may still perform "light work." 20 C.F.R. § 404.1567(b); § 416.967(b); *Rogers*, 486 F.3d at 241. The Court will therefore adopt Judge Lindsay's conclusion that "the ALJ adequately considered the objective medical evidence" in determining Jeffries' RFC. (D.N. 18, PageID # 529–30)

**B. The Treating-Physician Rule**

Jeffries also argues that the ALJ erred because she did not evaluate Dr. Purdom's opinion as a treating-source opinion and did not cite good reasons for rejecting it.[5] (D.N. 14-1, PageID # 495–98) The treating-physician rule states that an ALJ will generally give greater weight to medical opinions from "treating sources." 20 C.F.R. § 404.1527(c)(2). A "treating source" is a medical professional who has provided the claimant with medical treatment or an evaluation and who has, or has had, an ongoing treatment relationship with the claimant. *Id*. § 404.1527(a)(2). The ALJ may decline to give greater deference to a treating physician's opinion, however, if she articulates "good reasons" for doing so. § 404.1527(c)(2). For example, "[t]he opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings and is not contradicted by substantial evidence to the contrary." *Edwards v. Comm'r of Soc. Sec.*, 97 F. App'x 567, 570 (6th Cir. 2004) (internal citation omitted); *see also* 20 C.F.R. § 404.1527(c)(2) ("*If* we find that a treating source's medical opinion . . . is well-supported by medically acceptable . . . techniques and is not inconsistent with other substantial

---

[5] Again, the opinion at issue is Dr. Purdom's response to a questionnaire Jeffries' counsel instructed Dr. Purdom to complete. Although an ALJ may not automatically reject an opinion solely because it was solicited by plaintiff's counsel, *see Hinton v. Massanari*, 13 F. App'x 819, 824 (10th Cir. 2001), an ALJ may properly downplay the opinion's significance when it is presented without supporting treatment notes. *See Cutlip v. Sec. of Health and Human Servs.*, 25 F.3d 284, 287 (6th Cir. 1994) (finding that treating-physician opinions "are only accorded great weight when they are supported by sufficient clinical findings").

evidence . . . we will give it controlling weight." (emphasis added)). Nevertheless, "[i]f the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors . . . in determining what weight to give the opinion." *Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 837 (6th Cir. 2005) (citing 20 C.F.R. § 404.1527). Specifically, the ALJ must consider "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." *Id*. (citing 20 C.F.R. § 404.1527(c)).

In his recommendation, Judge Lindsay found that the ALJ stated "good reasons" for not awarding greater deference to Dr. Purdom's opinion. (D.N. 18, PageID # 530–32) First, Dr. Purdom is a family-medicine doctor. Because the regulations direct ALJs to give greater weight to medical opinions from relevant specialists, Judge Lindsay concluded that the ALJ correctly gave greater weight to the specialists' opinions. (D.N. 18, PageID # 531) Second, the ALJ noted that Dr. Purdom's final opinion—the only opinion that placed substantial limitations on Jeffries' ability to work—conflicted with the medical opinion of every other specialist. *Id*. (citing D.N. 12-2, PageID # 71) Third, the ALJ found that Dr. Purdom's opinion was not supported by her own treatment notes and only appeared on a RFC questionnaire that Jeffries' counsel requested she complete. (*Id*. (citing D.N. 12-2, PageID # 71)) Jeffries objects to this finding, arguing that since the ALJ and the magistrate judge cited the specialization factor only, they did not provide "good reasons" for straying from the treating-physician rule.[6] (D.N. 19, PageID # 538–39)

---

[6] Jeffries also argued that the ALJ erred by claiming that Dr. Purdom is not a "specialist." (D.N. 14-1, PageID # 498) Jeffries did not raise this argument in her objection, however, and thus the Court need not address it. *See* 28 U.S.C. § 636(b)(1)(C). In any event, district courts within this circuit have found that family medicine is not a "specialty" as that term is understood in 20 C.F.R. § 404.1527(c). *See Miller v. Comm'r of Soc. Sec.*, No. 12–12639, 2013 WL 4482969, at

9

Essentially, Jeffries claims that the ALJ erred by not weighing all of the factors listed in 20 C.F.R. § 404.1527(c).

This argument is unpersuasive. The ALJ need not explicitly apply all of the factors listed in the regulations. Rather, the Sixth Circuit has held that an ALJ's explanation for straying from the treating-physician rule must merely be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011). In fact, "[a]lthough the regulations instruct an ALJ to consider the[] factors, they expressly require only that the ALJ's decision include 'good reasons' . . . not an exhaustive factor-by-factor analysis." *Francis v. Comm'r Soc. Sec. Admin.*, 414 F. App'x 802, 804 (6th Cir. 2011); *see also Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 630 (6th Cir. 2016) ("[T]he ALJ gave good reasons for discounting [the treating physician's] opinion . . . by considering *some* of the listed factors." (emphasis added)); *Lynn v. Colvin*, No. 16-153-ART, 2016 WL 8943300, at *5 (E.D. Ky. Dec. 22, 2016) ("[The ALJ] was not required to type up an exhaustive factor-by-factor analysis in his decision." (internal quotations omitted)). Here, the ALJ's decision to stray from the treating-physician rule is supported by the evidence in the record, and it is clear from her decision what weight she gave to Dr. Purdom's opinion and the reasons for that weight. (D.N. 12-2, PageID # 71) This is sufficient under Sixth Circuit precedent. *See Cole*, 661 F.3d at 937.

Moreover, Jeffries incorrectly claims that the ALJ weighed only the specialization factor. "While an ALJ must always give good reasons in a decision for the weight assigned to a treating source's opinion, failure to do so is harmless error when the supportability of a doctor's opinion,

---

*10 (E.D. Mich. Aug. 20, 2013); *Steward v. Comm'r of Soc. Sec.*, No. 1:07–CV–1012, 2009 WL 1586214, at *2 (S.D. Ohio June 4, 2009).

or its consistency with other evidence in the record, is indirectly attacked via an ALJ's analysis of a physician's other opinions or h[er] analysis of the claimant's ailments." *O'Connell v. Comm'r of Soc. Sec.*, No. 16–1392, 2017 WL 4570466, at *2 (6th Cir. Feb. 27, 2017) (citing *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010) (internal quotations omitted)). Indeed, courts have upheld rulings similar to the one at issue here in which the ALJ did not explicitly detail her weighing of every factor. *See, e.g.*, *Hardman v. Comm'r of Soc. Sec.*, No. 13–14309, 2015 WL 869869, at *10 (E.D. Mich. Feb. 27, 2015) ("[T]he Court finds that [a factor-by-factor] analysis is not needed where the ALJ did determine that [the treating physician's] opinion was inconsistent with the record as a whole, specifically the three opinions of the [consultative] examiners, as well as her own medical notes and Plaintiff's testimony.") Here, the ALJ indirectly analyzed the supportability and consistency of Dr. Purdom's opinion by noting that no other medical opinion in the record supported Dr. Purdom's findings and that her own treatment notes did not support the findings contained in her answers to the questionnaire. (D.N. 12-2, PageID # 71) In sum, the ALJ provided good reasons for straying from the treating-physician rule. The Court will therefore adopt Judge Lindsay's conclusion that the ALJ gave proper weight to Dr. Purdom's opinion.

Jeffries' final objection alleges that the magistrate judge "erred by finding that the ALJ was correct to find Ms. Jeffries had 'no issues' performing her activities of daily living." (D.N. 19, PageID # 539) In support of this objection, Jeffries cites a pain questionnaire completed during the application process in which she described difficulty with household chores, bathing, and grocery shopping. (D.N. 12-6, PageID # 281–85) Regardless of how she answered the questionnaire, Jeffries testified at the hearing before the ALJ that she can do laundry, drive, go to the grocery store, and properly address her personal hygiene. (D.N. 12-2, PageID # 86–91)

11

Perhaps the ALJ's use of the phrase "no issues" was inartful, but the point remains clear: Jeffries' testimony, coupled with the confirming opinions from medical specialists, provided the ALJ with substantial evidence to conclude that Jeffries could perform "light work." The Court will therefore overrule Jeffries' final full objection.

Jeffries' remaining argument, which does not rise to the level of a full objection, is similarly unavailing. Jeffries argues that the ALJ erred because "there is no other medical opinion evidence in the file from a treating or examining source showing Ms. Jeffries is more capable than Dr. Purdom opined." (*Id.*, PageID # 537) Such a particular finding is not required, however. To affirm the ALJ's decision, this Court merely needs to conclude that the ALJ's decision is supported by substantial evidence in the record and was made pursuant to proper legal standards. *Rogers*, 486 F.3d at 241. As discussed at length above, that standard is satisfied here.

### IV. Conclusion

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) The Findings of Fact, Conclusions of Law, and Recommendation of Magistrate Judge Colin H. Lindsay (D.N. 18) are **ADOPTED** in full and **INCORPORATED** by reference herein.

(2) Jeffries' motion for summary judgment (D.N. 14) is **DENIED**.

(3) A separate judgment will be entered this date.

January 23, 2018

**David J. Hale, Judge**
**United States District Court**